**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATIBA BARNES, | |
| Plaintiff, | Civ. No. 22-2376 (GC) (RLS) |
| v. | |
| COUNTY OF MERCER, et al., | **MEMORANDUM & ORDER** |
| Defendants. | |

Plaintiff is proceeding *pro se* with a Complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Previously, the Court denied Plaintiff's application to proceed *in forma pauperis* and this matter was administratively terminated. (*See* ECF 9).

Plaintiff has submitted another application to proceed *in forma pauperis*. (*See* ECF 10 & 11). Accordingly, the Clerk will be ordered to reopen this case. Leave to proceed without prepayment of fees is authorized such that Plaintiff's application for *in forma pauperis* status will be granted. *See* 28 U.S.C. § 1915. This case is subject to *sua sponte* screening by the Court, and the Complaint will be screened in due course.

Therefore, IT IS on this ____ day of October, 2022,

**ORDERED** that the Clerk shall reopen this case; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF 10 & 11), is granted; and it is further

**ORDERED** that **SUMMONS SHALL NOT ISSUE** at this time as the Court's *sua sponte* screening has not yet been completed; and it is further

1

**ORDERED** that the time to serve process under Fed. R. Civ. P. 4(m) is hereby extended to the date ninety (90) days after the Court permits the Complaint to proceed; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Memorandum and Order by regular mail upon the California Attorney General's Office and the warden of the Santa Rita Jail in Dublin, California[1]; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk payment equal to 20% of the preceding month's

---

[1] Plaintiff recently filed a notice of a change of address noting he is now detained at the Santa Rita Jail in Dublin, California. (*See* ECF 12).

2

income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

**ORDERED** that the Clerk shall send a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge