**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATIBA BARNES, | : |
| Plaintiff, | : Civ. No. 22-2376 (GC) (RLS) |
| v. | : |
| COUNTY OF MERCER, et al., | : OPINION |
| Defendants. | : |

**CASTNER, District Judge**

**I.     INTRODUCTION**

Plaintiff, Atiba Barnes ("Plaintiff" or "Barnes"), is proceeding *pro se* with a civil rights Complaint filed pursuant to 42 U.S.C. 1983. (*See* ECF 1). Previously, this Court granted Plaintiff's application to proceed *in forma pauperis*. (*See* ECF 13).

At this time, this Court must screen the allegations of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, the Complaint shall be permitted to proceed in part. Plaintiff's claims against Defendants Walter and Friel will proceed. Plaintiff's claims against the remaining Defendants, Walker, Ellis and the County of Mercer, shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

The allegations of the Complaint shall be construed as true for purposes of this screening Opinion. Plaintiff names five Defendants in this action; they are as follows:

1. County of Mercer
2. Charles Ellis – Warden Mercer County Correctional Center
3. Lt. Friel
4. C.O. Walker
5. C.O. Walter

The circumstances giving rise to Plaintiff's Complaint occurred while Plaintiff was detained at the Mercer County Correctional Center ("MCCC") in Lambertville, New Jersey. On September 24, 2021, Plaintiff was returning from the medical unit with a food tray that had been handed to him by a kitchen worker. (*See* ECF 1 at 4). Walter took the tray away from Plaintiff and smacked Plaintiff's hand in the process which caused Plaintiff to suffer ligament damage to his right middle finger. (*See id.*).

Plaintiff alleges Friel then forced him to undergo a strip search. (*See id.*). Plaintiff though felt uncomfortable about the strip search because it was being conducted in front of Walker. (*See id.*). Plaintiff states that prior to this event, Walker had told him that he wanted to see his "love button," meaning Plaintiff's anus. (*See id.*). During the strip search, Plaintiff claims Friel sprayed him with bear spray to his face and genital area even though Plaintiff did not refuse the strip search. (*See id.*).

Plaintiff seeks monetary damages as relief.

Plaintiff initiated this action in the United States District Court for the Eastern District of New York. Plaintiff was detained at the Nassau County Correctional Center in East Meadow, New York at the time. Subsequently, that court transferred this action to this Court. (*See* ECF 7 & 8). Plaintiff then filed a notice of change of address indicating that he is now detained in the Santa Rita Jail in Dublin, California. (*See* ECF 12).

2

### III.  LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs a court to *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

3

In this case, Plaintiff seeks relief under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

This Court will separately analyze Plaintiff's claims against each of the five Defendants separately as the claims against them are distinct and different.

A. Officer Walter

Plaintiff's allegations against Walter relate to Walter's smack of Plaintiff's hand which caused ligament injuries to Plaintiff's right middle finger. It is not altogether clear from the face of the Complaint whether Plaintiff was a state prisoner at the time of this incident, or whether he was a pretrial detainee. Accordingly, this Court will analyze the allegations under both possible scenarios.

Claims of excessive force against a defendant by a plaintiff who is a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, because pretrial detainees are not properly subject to punishment, whether cruel and unusual or otherwise. *See Dean v. Gloucester Cty., No.* 13-5197, 2016 WL 818708, at *5 (D.N.J. Mar. 2, 2016) (citing *Tapp v. Proto*, 404 F. App'x 563, 566 (3d Cir. 2010)) (remaining citation and footnotes omitted). Courts apply an objective standard when considering a pretrial detainee's claim of excessive force. *See Jacobs v. Cumberland Cty.*, 8 F.4th 187, 194 (3d Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)). Thus, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. That objective test "turns on the 'facts and circumstances of each particular case.'" *Id.* at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the prospective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (citation omitted). Additionally, in *Kingsley*, the United States Supreme Court explained:

> A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 540, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).
>
> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. See, *e.g., Graham,* [490 U.S.] at 396, 109 S. Ct. 1865.

*Kingsley*, 576 U.S. at 397.

5

Plaintiff alleges sufficient facts to state a claim against Walter under the standard applicable to pretrial detainees. Plaintiff alleges Walter smacked his hand as Plaintiff was walking down a hallway with a tray that had been handed him by a kitchen worker. This Court recognizes that not every push or shove violates a prisoner's constitutional rights. *See Jacobs*, 8 F.4th at 195 (citations omitted).

If Plaintiff though was a state prisoner at the time of the alleged incident with Walter, his claim is analyzed under the Eighth Amendment rather than the Fourteenth Amendment. Nevertheless, even applying this standard, Plaintiff sufficiently states a claim against Walter.

> The Eighth Amendment protects inmates from the "wanton and unnecessary infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). When examining Eighth Amendment excessive force cases, courts generally afford prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321–22, 106 S. Ct. 1078 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)). This includes "security measure[s] taken in response to an actual confrontation with riotous inmates." *Whitley*, 475 U.S. at 322, 106 S. Ct. 1078.
>
> "In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley*, 475 U.S. at 327, 106 S. Ct. 1078). In weighing these issues, we look to the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, the extent of the threat to the safety of prison staff and inmates—as reasonably perceived by prison officials on the facts known to them, and any efforts made to temper the severity of a forceful response. *Brooks*, 204 F.3d at 106.

*Conklin v. Hale*, 680 F. App'x 120, 122 (3d Cir. 2017) (per curiam).

Applying this Eighth Amendment standard, this Court finds that Plaintiff has sufficiently stated a claim against Walker. Accordingly, it shall proceed as well past screening.[1]

B. <u>Lieutenant Friel</u>

Plaintiff's allegations against Friel relate to initiating and conducting a strip search of Plaintiff. Friel purportedly applied bear spray to Plaintiff's face and genitals during the search. Such allegations implicate the Fourth Amendment as well as the Eighth/Fourteenth Amendment (depending on the nature of Plaintiff's custody status at the time of the search).

A prisoner's challenge to a strip search may be cognizable under § 1983 through the Fourth Amendment as well as the Eighth or Fourteenth Amendment depending on whether the plaintiff is a prisoner or a pretrial detainee. *See Jordan v. Cicchi*, 428 F. App'x 195, 199-200 (3d Cir. 2011); *Whyte v. Rockey*, No. 21-124, 2021 WL 2986367, at *8 (M.D. Pa. July 15, 2021) (citation omitted) (noting that strip search claim of a pretrial detainee can be based on the Fourth or Fourteenth Amendment). The Fourth Amendment protects "[t]he right of the people to be secure in their persons ... against unreasonable searches and seizures." U.S. Const. amend. IV. Pretrial detainees and convicted prisoners retain some Fourth Amendment rights upon commitment to a corrections facility; however, they only have limited rights under the Fourth Amendment. *See Bell*, 441 U.S. at 558; *Russell v. City of Phila.*, 428 F. App'x 174, 177 (3d Cir. 2011) (prisoner could state a Fourth Amendment claim based on a strip and cavity search). To raise a Fourth Amendment claim, the prisoner must allege that the strip search was unreasonable. *See Fatir v. Phelps*, No. 18-933, 2019 WL 2162720, at *5 (D. Del. May 17, 2019); *Robinson v. Ricci*, No. 08-2023, 2012 WL 1067909, *16-17 (D.N.J. Mar. 29, 2012); *Payton v. Vaughn*, 798 F. Supp. 258, 261-62 (E.D. Pa. 1992). To determine whether a search was "reasonable" within the meaning of the Fourth Amendment

---

[1] Any confusion as to Plaintiff's custody status which will alter which Amendment Plaintiff's claim against Walker will be analyzed under can easily be determined during discovery.

requires "balancing the significant and legitimate security interests of the institution against the privacy interests of the inmates." *Bell*, 441 U.S. at 560. Several years ago, the United States Supreme Court re-emphasized that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities." *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 328 (2012) (citation omitted). Where security is involved, "deference must be given to the officials in charge of the jail unless there is substantial evidence demonstrating their response to the situation is exaggerated." *Id.* at 330 (citation and internal quotation marks omitted).

Where a prisoner alleges that the strip search was conducted in a physically abusive manner, the Eighth Amendment applies. *See Jordan*, 428 F. App'x at 199-200 (explaining that excessive force claim arising from strip search may proceed under either Fourth or Eighth Amendments, but the latter is "the primary source of protection after an individual's conviction"); *see also Robinson*, 2012 WL 1067909, at *17 n.6 (in addition to possible Fourth Amendment violation, "Eighth Amendment may be implicated where the strip search or visual body cavity search was conducted in a brutish and unreasonable manner). If Plaintiff is a pretrial detainee, then the excessiveness of the search is analyzed under the Fourteenth Amendment. *See Whyte*, 2021 WL 2986367, at *8 (citing *Taylor v. Pennsylvania*, No. 17-3369, 2018 WL 6574187, at *14 (E.D. Pa. Dec. 12, 2018)).

This Court will permit Plaintiff's Fourth and Eighth/Fourteenth Amendment[2] claims against Friel to proceed at this early screening stage. Plaintiff alleges that Friel ordered the "strip search" because Petitioner got into an altercation with Walter. (*See* ECF 1 (stating Friel forced

---

[2] Like Plaintiff's claims against Walter, the applicability of either the Eighth or Fourteenth Amendment can easily be resolved during discovery once Plaintiff's custody status at the time of the strip search is disclosed.

8

Plaintiff to undergo a strip search "[i]n retaliation to the aforementioned situation" with Walter)). Plaintiff alleges he did not refuse Friel's order for a strip search, yet Friel sprayed Plaintiff with bear spray on his face and genitals. While somewhat sparse, Plaintiff's allegations may constitute an unreasonable/abusive strip search giving rise to claims under the Fourth and Eighth/Fourteenth Amendments. *See, e.g., Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) ("An application of pepper spray when an inmate is being compliant can provide a basis for an Eighth Amendment claim.").

### C. Officer Walker

Plaintiff next names Walker as a Defendant. Plaintiff alleges at some point prior to Plaintiff's altercation with Walter and Friel's subsequent strip search, Walker told Plaintiff that he wanted to see Plaintiff's "love button," meaning his anus. (*See* ECF 1 at 4). This caused Plaintiff to feel very unsafe when he then had to strip in front of Walker. (*See id.*).

Such a statement from Walker to Plaintiff (which this Court must construe as true at this screening stage) is deplorable. However, this deplorable statement is insufficient to state a claim for relief under § 1983. *See Stepney v. Gilliard*, No. 02–5259, 2005 WL 3338370, at *6 (D.N.J. Dec. 8, 2005) (citing *Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y.1 998); *Collins v. Graham,* 377 F. Supp. 2d 241, 244 (D. Me. 2005)) ("[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983."); *see also Medina v. Hallman,* No. 20-2426, 2020 WL 2793942, at *2 (E.D. Pa. May 29, 2020) ("sexual harassment in the absence of contact or touching does not establish excessive and unprovoked pain infliction" as is required to state a claim for a constitutional violation); *Bower v. Cannon*, No. 17-10905, 2018 WL 6441034, at *4 (D.N.J. Dec. 7, 2018) (citing

9

*Boxer X v. Harris*, 437 F.3d 1107, 1111 (11th Cir. 2006); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *Barney v. Pulsipher*, 143 F.3d 1299, 1311 n. 11 (10th Cir. 1998) (*Chambliss v. Jones*, No. 3:14-2435, 2015 WL 328064, at *3 (M.D. Pa. Jan. 26, 2015)) (remaining citation omitted).

Besides alleging Walker's purported presence during the strip search, Plaintiff does not allege that Walker touched Plaintiff or was even involved in Friel's order that Plaintiff undergo a strip search. Accordingly, Plaintiff's claims against Walker are dismissed without prejudice for failure to state a claim upon which relief may be granted.

D. Warden Ellis

Plaintiff next names Ellis as the Warden of MCCC as a Defendant. Plaintiff lists Ellis in the caption of his Complaint as well listing him as a Defendant along with all other Defendants in the Complaint. (*See* ECF 1 at 1, 2). Plaintiff though fails to state any specific factual allegations against Ellis in the body of his Complaint. Construed liberally, this Court presumes Plaintiff is attempting to bring a supervisory liability claim against Ellis as the Warden of the MCCC.

Supervisory liability in a § 1983 action must be predicated upon personal involvement, not *respondeat superior*. *See Brown v. Deparlos*, 492 F. App'x 211, 214–15 (3d Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). There are two theories of supervisory liability applicable to § 1983 claims; they are: (1) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice[,] or custom which directly caused [the] constitutional harm.'" *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det.*

*Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989). With respect to the second theory of liability, the plaintiff must show that "(1) existing policy or practice creates an unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *See Merring v. City of Carbondale*, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

This case does not implicate an existing policy or practice at MCCC. Instead, Plaintiff's claims relate to the circumstances concerning Walter's purported use of excessive force and the subsequent strip search by Friel on Petitioner. Plaintiff also fails to allege any personal involvement on the part of Ellis with respect to these incidents. This Court notes that Plaintiff attaches to his Complaint grievance forms, including one addressed to Ellis. (*See* ECF 1 at 6). Nevertheless, "the filing of grievances, alone, is insufficient to show the actual knowledge necessary for personal involvement." *Miller v. Trometter*, No. 11–811, 2012 WL 5933015, at *13 (M.D. Pa. Nov. 27, 2012) (citing *Rode* [*v. Dellarciprete*], 845 F.2d [1195,] 1207 [(3d Cir. 1988)]). Thus, "prison officials cannot be held liable based solely on their failure to take corrective action when grievances or investigations were referred to them." *Miller*, 2012 WL 5933015, at *13 (citing *Pressley v. Beard*, 266 F. App'x 216 (3d Cir. 2008) (per curiam); *Hughes v. Smith*, 237 F. App'x 756, 758 (3d Cir. 2007) (per curiam)) (other citations omitted). Therefore, merely filing a grievance to Ellis is insufficient in this instance to show the requisite personal involvement. Accordingly, Plaintiff's claims against Ellis shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

E. County of Mercer

The final Defendant Plaintiff names is the County of Mercer. Like Ellis, Plaintiff only names the County in the caption and when listing the Defendants. (*See* ECF 1 at 1, 2). There are no specific factual allegations against the County in the body of the Complaint.

To hold a municipality liable under § 1983, a plaintiff must demonstrate that his rights were violated by a policy or custom of the municipality and that such policy or custom has been "the moving force" behind the deprivation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Municipal policy generally involves a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers." *Id.* at 690. A municipal custom, although lacking the formal approval of a policy, refers to those official practices which are "so permanent and well settled as to constitute . . . the force of law." *Id.* at 691.

> An individual's conduct implements official policy or practice under several types of circumstances, including when (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (2) the individual himself has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred.

*Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-84, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986)) (other citations omitted).

There are no allegations in Plaintiff's Complaint of a possible *Monell* claim related to the County of Mercer. As noted above, instead, based on Plaintiff's allegations, the facts giving rise to Plaintiff's Complaint appear isolated. Accordingly, Plaintiff's claims against the County of

Mercer are also dismissed without prejudice for failure to state a claim upon which relief may be granted.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Walter and Friel shall be permitted to proceed. Plaintiff's claims against Defendants Walker, Ellis and the County of Mercer shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate Order will be entered.

DATED: January 4, 2023

*Georgette Castner*
GEORGETTE CASTNER
United States District Judge