**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATIBA BARNES, | |
| Plaintiff, | Civ. No. 22-2376 (GC) (RLS) |
| v. | |
| COUNTY OF MERCER, et al., | **OPINION** |
| Defendants. | |

**CASTNER, District Judge**

### I. INTRODUCTION

Plaintiff, Atiba Barnes ("Plaintiff" or "Barnes"), is proceeding *pro se* with a civil rights Complaint filed pursuant 42 U.S.C. § 1983. (*See* ECF 1). Previously, the Court screened Plaintiff's Complaint. (*See* ECF 15). The Court permitted Plaintiff's claims against Defendants Correctional Officer Walter and Defendant Lieutenant Friel ("Friel") (collectively the "Moving Defendants") to proceed. (*See* ECF 15 & 16). Plaintiff's claim against Defendant Walter for the use of excessive force against Plaintiff as well as Plaintiff's claims against Defendant Lieutenant Friel related to a strip search while Plaintiff was detained at the Mercer County Correctional Center ("MCCC") in Lambertville, New Jersey proceeded past screening.[1]

Moving Defendants then filed an Answer to the Complaint. (*See* ECF 24). In their Answer, Moving Defendants included fifteen affirmative defenses. (*See id.*). Presently pending before this Court is Plaintiff's Motion to Strike most of Moving Defendants' affirmative defenses, namely,

---

[1] As the Court noted in its screening Opinion, it is unclear whether Plaintiff was a pretrial detainee or a state prisoner at the time of the incidents giving rise to his claims against Moving Defendants. (*See* ECF 15 at 4). That distinction though has no impact on this Opinion.

affirmative defenses 1-4, 6-13 and 15. (*See* ECF 26). Plaintiff also seeks to add the County of Mercer as a Defendant to this action and strike Moving Defendants' request for "legal expenses" in their Answer. (*See id.* at 2). Moving Defendants oppose Plaintiff's motion to strike their affirmative defenses. (*See* ECF 33). For the following reasons, Plaintiff's Motion to Strike is **DENIED**.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Court previously discussed the factual background giving rise to Plaintiff's claims against the Moving Defendants in its screening Opinion. (*See* ECF 15 at 2). Essentially, Plaintiff sues Defendant Walter for the purported use of excessive force when he smacked Plaintiff's hand which caused Plaintiff to suffer ligament damage to a finger. (*See id.*). Plaintiff alleges he was then forced to undergo a strip search by Defendant Friel because he had gotten into an altercation with Defendant Walter. (*See id.* at 2, 8-9). Despite not refusing the strip search, Plaintiff alleges Defendant Friel then utilized bear spray on his face and genitals. (*See id.* at 2, 9). Accordingly, this Court proceeded Plaintiff's Fourth and Eighth/Fourteenth Amendment claims against Defendant Friel. Relevant to Plaintiff's current Motion, however, the Court dismissed Plaintiff's claims against the County of Mercer without prejudice as Plaintiff had failed to plead a claim against the County under *Monell v. Dep't of Soc. Servs. Of City of New York*, 436 U.S. 658, 694 (1978). (*See* ECF 15 at 12-13).

Moving Defendants then filed an Answer to the Complaint. (*See* ECF 24). Moving Defendants deny all allegations of the Complaint. (*See id.* at 1). Additionally, they assert fifteen affirmative defenses as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted;
2. Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction;

2

3. Plaintiff has not been deprived of any rights under the United States Constitution or the State of New Jersey;

4. No conduct by Moving Defendants was the proximate cause of Plaintiff's injury or damages;

5. Moving Defendants acted properly within the scope of their duties and responsibilities;

6. Moving Defendants are entitled to qualified immunity because their conduct towards Plaintiff was objectively reasonable;

7. Moving Defendants did not know, nor were they reasonably expected to know, that their actions taken towards Plaintiff were in violation of the United States Constitution or common law rights such that Moving Defendants are immune from monetary damages;

8. Plaintiff's injuries and damages were caused by third parties over whom the Moving Defendants had no control;

9. Plaintiff's claims are barred by the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1, *et seq.*, or in the alternative, Plaintiff's claims are subject to the limitations and defenses established therein;

10. Plaintiff has failed to comply with the requirements of N.J. Stat. Ann. 2A:53-26 *et seq.*,[2] which bars recovery against Moving Defendants;

11. Plaintiff has failed to exhaust administrative remedies;

12. Moving Defendants have not been served with process as required by the Federal Rules of Civil Procedure;

---

[2] The Court presumes this is a typo by Defendants as there is no statutory section labeled N.J. Stat. Ann. § 2A:53-26. Instead, this Court presumes that Defendants meant to refer to New Jersey's statutory law on negligence which begins at N.J. Stat. Ann. § 2A:54A-1 and includes a section 26 which defines a "licensed person" under New Jersey's negligence law. *See id.* § 2A:54A-26.

13. Plaintiff's medical treatment, if any, was proper and based on the accepted standard of medical care and constitutional grounds;

14. Plaintiff failed to name all indispensable and necessary parties; and

15. Plaintiff's action is frivolous, harassing and/or without merit.

(*See* ECF 24 at 2-3). In addition to these affirmative defenses, Moving Defendants also request costs for suit and reasonable attorney fees. (*See id.* at 1).

Shortly after Defendants filed their Answer, Plaintiff filed the instant Motion that is before the Court. (*See* ECF 26). Plaintiff's Motion makes several requests. First, Plaintiff requests that Defendants' affirmative defenses 1-4, 6-13 and 15 be stricken because "no such affirmative defenses exist in Federal Practice." (*See* ECF 26 at 1). Next, Plaintiff seeks to add the County of Mercer as a Defendant. (*See id.* at 2). Finally, Plaintiff asserts that Defendants claim for "legal expenses" is improperly in its Answer. (*See id.*). Defendants oppose Plaintiff's pending Motion. (*See* ECF at 33).

### III. DISCUSSION

As indicated above, Plaintiff raises three distinct arguments in his Motion; namely: (1) striking most of Defendants' affirmative defenses; (2) adding the County of Mercer as a Defendant; and (3) arguing that Defendants' request for attorneys fees in its Answer is improper. Each of these issues are considered in turn.

#### A. Motion to Strike Affirmative Defenses

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading such as an answer "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are discretionary and are highly disfavored. *See F.T.C. v. Hope New Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *1

(D.N.J. Mar. 10, 2011) (citations omitted). A motion to strike an affirmative defense will typically only be granted "'when a defense is legally insufficient under any set of facts which may be inferred from the allegations of the pleading.'" *F.D.I.C. v. Modular Homes, Inc.*, 859 F. Supp. 117, 120 (D.N.J. 1994) (quoting *Glenside West Corp. v. Exxon Corp.*, 761 F. Supp. 1100, 1115 (D.N.J. 1991)). Furthermore, "even where the challenged material is redundant, immaterial, impertinent, or scandalous, a motion to strike should not be granted unless the presence of the surplusage will prejudice the adverse party." *Hope Now*, 2011 WL 883202, at *1 (quoting *Symbol Techs., Inc. v. Aruba Networks, Inc.*, 609 F.Supp.2d 353, 359 (D. Del. 2009)) (quotations omitted).

Plaintiff's Motion does not make any argument regarding the prejudice he will suffer from allowing the affirmative defenses Defendants have included in their Answer. Accordingly, this Court will utilize its discretion and deny this portion of Plaintiff's Motion. *Accord Cont'l Cas. Co. v. Crum Forster Specialty Ins. Co.*, No. 20-3843, 2021 WL 268175, at *3 (D.N.J. Jan. 27, 2021) (denying motion to strike affirmative defenses where plaintiff failed to show how he was prejudiced by the presence of these affirmative defenses); *Wells Fargo Bank, N.A. v. Bertea*, No. 13-7232, 2014 WL 1883702, at *3 (D.N.J. May 12, 2014) (denying plaintiff's request to strike affirmative defenses where plaintiff made no attempt to show how it would be prejudiced by presence of affirmative defenses).

B. Request to Add County of Mercer as a Defendant

Next, Plaintiff requests that the Court add the County of Mercer as a Defendant. (*See* ECF 26 at 2). As noted in *supra* Part II, the Court previously dismissed Plaintiff's claims against the County of Mercer in its screening Opinion because Plaintiff had failed to allege a *Monell* claim against the County.

Plaintiff's request to add the County of Mercer as a Defendant in the pending Motion is procedurally improper. Indeed, the Court previously provided its reasoning for dismissing Plaintiff's claims against the County of Mercer in the screening Opinion. (*See* ECF 15 at 12-13). Plaintiff fails to provide any basis in his pending Motion to warrant the Court reconsidering that analysis and decision.

Furthermore, such piecemeal attempts by Plaintiff seeking to amend his Complaint are improper. *See Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017) ("Neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit . . . addenda to his Complaint in . . . piecemeal fashion"). Instead, Plaintiff needs to submit a motion to amend his complaint that includes a copy of a proposed all-inclusive amended complaint that raises all claims against all Defendants he seeks to sue.

C. Challenge to Defendants' Request for Attorneys' Fees in Answer

Finally, Plaintiff asserts that Defendants' claim for possible "legal expenses" in their Answer lacks merit. "District courts are entitled to award reasonable attorneys' fees to prevailing defendants in § 1983 matters 'upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation.'" *Arneault v. O'Toole*, 718 F. App'x 148, 152 (3d Cir. 2017) (quoting *Fox v. Vice*, 563 U.S. 826, 833 (2011) (quotation omitted)). Given Defendants *may* be entitled to the award of attorneys' fees at the close of this case if they meet the above stated standard, the Court does not find it appropriate to strike this portion of Defendants' Answer at this time. *Cf. Fiorentino v. Cabot Oil & Gas Corp.*, 750 F. Supp. 2d 506, 515 (M.D. Pa. 2010) (declining to strike allegations with respect to attorney fees because "at such an early stage in the proceedings is

impossible to determine that there are no circumstances where an award of fees or litigation costs would be appropriate").

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF 26) is **DENIED**. An appropriate Order will be entered.

DATED: November 7, 2023

GEORGETTE CASTNER
United States District Judge

7