<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ATIBA BARNES, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 22-2376 (GC) (RLS) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COUNTY OF MERCER, et al, | : | |
| | : | **MEMORANDUM & ORDER** |
| Defendants. | : | |
| | : | |

<u>**CASTNER, District Judge**</u>

This matter comes before the Court by way of a notice that Plaintiff's mail has been returned as undeliverable. (ECF No. 46.) For the reasons explained in this Memorandum & Order, the Court will administratively terminate this matter pursuant to L. Civ. R. 10.1 and provide Plaintiff with 30 days to update his address.

Plaintiff initially filed his Complaint in the United States District Court for the Eastern District of New York, where he was incarcerated, and the District Court transferred the matter to the District of New Jersey pursuant to 28 U.S.C. § 1406(a). (ECF Nos. 1, 7.) On September 6, 2022, Plaintiff updated his address and notified the Court that he was detained at Santa Rita Jail in Dublin, California. (ECF No. 12.)

This Court subsequently granted Plaintiff's application to proceed *in forma pauperis* and proceeded his Complaint in part and dismissed it in part. (ECF Nos. 13, 15-16.) The Court proceeded civil rights claims against Lt. Friel and C.O. Walter. (*See id.*)

On May 15, 2023, Plaintiff filed a motion to strike Defendants' affirmative defenses. (ECF No. 26.) On October 12, 2023, Plaintiff also filed a motion to extend the discovery deadlines and stated, among other things, that he expected to be released from Santa Rita Jail in November 2023.[1] (*See* ECF No. 42 at 1.) Plaintiff, however, did not provide a forwarding address.

On November 7, 2023, this Court denied Plaintiff's motion to strike Defendants' affirmative defenses. (ECF Nos. 45-46.) On the same day, the Clerk of the Court sent copies of that Opinion and Order to Plaintiff at Santa Rita Jail in Dublin, California. (ECF No. 46 (noting that copies were sent to plaintiff by regular mail on November 7, 2023).) On December 5, 2023, the Clerk of the Court docketed the mail and envelope, which were returned as undeliverable. The envelope is stamped with the following note: "NOT IN CUSTODY RETURN TO SENDER". (ECF No. 47 at 11.)

Pursuant to L. Civ. R. 10.1, an unrepresented party must update his or her address within seven days and file a notice with the Court. *See* L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk."). Since his release from Santa Rita Jail, Plaintiff has not updated his address in compliance with L.Civ.R. 10.1, and it is not clear whether he intends to pursue this matter. At this time, the Court shall direct the Clerk of the Court to ADMINISTRATIVELY TERMINATE this matter pursuant to L. Civ. R. 10.1 because Plaintiff has not updated his address. If Plaintiff responds to this Order in writing within 30 days, the Court will reopen this matter for adjudication. If Plaintiff fails to respond to this Order within 30 days, this matter may be dismissed for failure to prosecute under Fed. R. Civ. P. 41.

---

[1] By Text Order dated October 20, 2023, the Magistrate Judge granted Plaintiff's request to extend discovery deadlines and sent a copy to Plaintiff at Santa Rita Jail.

**THEREFORE**, **IT IS,** on this 11th day of December 2023,

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** Civil Action Number 22-2376 pursuant to L. Civ. R. 10.1 at this time because Plaintiff has not updated his address; and it is further

**ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is timely reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriffs Dep't*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); and it is further

**ORDERED** that if Plaintiff responds to this Order in writing within 30 days, the Court will reopen this matter; and it is further

**ORDERED** if Plaintiff fails to respond to this Order within 30 days, this matter may be dismissed for failure to prosecute under Fed. R. Civ. P. 41, *see, e.g., Bricker v. Turner*, 396 F. App'x 804, 804 n.1 (3d Cir. 2010) (per curiam) (affirming district court's order dismissing civil rights action without prejudice as a sanction for failure to obey a court order or for failure to diligently prosecute); and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to Plaintiff at the address on file.

*/s/ Georgette Castner*
GEORGETTE CASTNER
United States District Judge